UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE JAVON DAVISON,

    Petitioner,                         Case No. 2:17-CV-12125
                                          Hon. Terrence G. Berg
    v.

SHIRLEE HARRY,

    Respondent,
_____/

**OPINION AND ORDER (1) GRANTING THE MOTION TO STAY (Dkt. # 8), (2) HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS, AND (3) ADMINISTRATIVELY CLOSING THE CASE.**

Clarence Javon Davison, ("petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for assault with intent to murder, Mich. Comp. Laws § 750.83; and assault by strangulation, Mich. Comp. Laws § 750.84(1)(b).

Petitioner has filed a motion to hold the petition in abeyance during the pendency of his appeal from the denial of his re-sentencing in the state trial court following a remand by the Michigan Court of Appeals. The Court shall hold the petition in abeyance and stay the proceedings

1

under the terms outlined in this opinion. Accordingly, the Court will administratively close the case.

## I. Background

Petitioner was convicted by a jury in the Genesee County Circuit Court.

Petitioner filed an appeal of right, raising claims that are included in his current habeas petition. The Michigan Court of Appeals affirmed his conviction, but remanded the case to the Genesee County Circuit Court for the judge to determine whether petitioner should be re-sentenced, in light of the Michigan Supreme Court's decision in *People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (Mich. 2015), which held that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. *People v. Davison*, No. 324479, 2016 WL 1276433 (Mich. Ct. App. Mar. 31, 2016), *lv. den.* 500 Mich. 868, 885 N.W.2d 272 (2016).

The trial judge on remand denied petitioner's request to be re-sentenced. Petitioner has filed an appeal from the denial of his request to be re-sentenced with the Michigan Court of Appeals, which remains pending with that court. *See People v. Davison,* No. 339586 (Mich. Ct. App.).

Petitioner filed a petition for writ of habeas corpus, seeking habeas relief on the four claims that he raised before the Michigan Court of Appeals on his appeal of right.

Petitioner has filed a motion to stay the proceedings and hold the petition in abeyance pending his appeal from the trial court's denial of his request to be resentenced.

## II. Discussion

A federal district court has the power to hold in abeyance fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk*, 299 F. 3d at 83); *Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). Although there is no rule that a district court can never dismiss a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court, in order for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be a compelling reason to choose a

dismissal over a stay. *Nowaczyk*, 299 F. 3d at 82 (internal quotation omitted); s*ee also Bowling,* 246 F. App'x. at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

The Court grants petitioner's motion to hold the petition in abeyance during the pendency of petitioner's appeal from the denial of his request for re-sentencing. In so doing, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas,* 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)). Further, "[I]f this Court were to proceed in parallel" while petitioner was pursuing his re-sentencing appeal, "there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.* Respondent will not be prejudiced by a stay, whereas petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas,* 89 F. Supp. 3d at 943.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). This Court imposes time limits within which petitioner must proceed with his re-sentencing proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance during the pendency of petitioner's appeal from the denial of his re-sentencing in the state courts. This tolling is conditioned upon petitioner returning to federal court within ninety (90) days after the completion of any re-sentencing appeal in the Michigan appellate courts.[1] *Hargrove v. Brigano,* 300 F. 3d 717, 721 (6th Cir. 2002).

### III. Conclusion

Accordingly, the Court hereby GRANTS petitioner's motion to stay and hold his habeas petition in abeyance. (Dkt. 8). The case is held in abeyance pending the completion of petitioner's re-sentencing appeal in the state courts. Within ninety (90) days after the conclusion of petitioner's appeal, petitioner may move to amend his habeas petition to add his new claims. Otherwise, petitioner must inform the Court that he

---

[1] Where an appellate court in Michigan has remanded a case for some limited purpose following a defendant's appeal as of right in a criminal case, a second appeal as of right, limited to the scope of remand, lies from that decision on remand. *See People v. Kincade,* 206 Mich. App. 477, 481; 522 N.W. 2d 880 (1994); *See also People v. Jones,* 394 Mich. 434, 435-436; 231 N.W. 2d 649 (1975).

5

will proceed with the petition as is. To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order shall be considered a disposition of petitioner's petition. *Thomas v. Stoddard,* 89 F. Supp. 3d at 943-44.

**SO ORDERED.**

Dated: December 21, 2017    s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on December 21, 2017.

s/H. Monda
Case Manager
in the absence of A. Chubb