UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CLARENCE JAVON DAVISON**, <br><br> Petitioner, <br><br> vs. <br><br> **GREG SKIPPER**, <br><br> Respondent. | 2:17-CV-12125-TGB <br><br> **OPINION AND ORDER DENYING (1) THE PETITION FOR A WRIT OF HABEAS CORPUS; (2) A CERTIFICATE OF APPEALABILITY; AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS** |

Clarence Javon Davison, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for assault with intent to murder, Mich. Comp. Laws § 750.83; and assault by strangulation, Mich. Comp. Laws § 750.84(1)(b). For the reasons that follow, the petition for writ of habeas corpus will be **DENIED**.

**I. Background**

Petitioner was convicted by a jury in the Genesee County Circuit Court. This Court recites verbatim the relevant facts regarding Petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review

1

pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F. 3d 410, 413 (6th Cir. 2009):

> Defendant's convictions arise from an October 15, 2013 assault of his former girlfriend. The victim had been involved in a dating relationship with defendant on and off for several years, but was actively trying to end the relationship in the weeks leading up to the assault. The victim was driving home from a store shortly before 1:30 AM on the date of the assault when defendant called her mobile phone 8 times within a ten minute span. She ignored the calls. The victim testified that, when she pulled into the driveway of her home, defendant approached her and held an item against her stomach while repeatedly stating, "I'm sick of this." The victim believed the item to be a gun but could not describe the item as it was being concealed in defendant's coat pocket.
>
> Defendant put his hand around the victim's mouth and dragged her to the far side of an abandoned house next to her home. He threw the victim to the ground and choked her until she lost consciousness. When the victim regained consciousness, a shoestring was wrapped tightly around her neck. The victim testified that defendant then grabbed her by her ponytail and stated, "Well if I can't have you, can't nobody have you." The victim then felt something sharp go across her neck and could hear blood gushing from the wound. At this point, defendant fled. The victim remained on the ground for several minutes before struggling to her home where her roommates called 911. Responding officers and paramedics testified that a shoelace was embedded in a wound around victim's neck cutting off her air supply. Though the victim lost consciousness several times in the hours that followed, emergency personnel testified that the victim positively identified defendant as her assailant.

*People v. Davison*, No. 324479, 2016 WL 1276433, * 1 (Mich. Ct. App. Mar. 31, 2016).

The Michigan Court of Appeals affirmed petitioner's conviction, but remanded the case to the Genesee County Circuit Court for the judge to determine whether petitioner should be re-sentenced, in light of the Michigan Supreme Court's decision in *People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (Mich. 2015), which held that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. The Michigan Court of Appeals remanded the case back to the trial court as per the procedure outlined in *Lockridge* for the judge to determine whether she would have imposed the same sentence without the sentencing guidelines. *Id.*, *lv. den.* 500 Mich. 868, 885 N.W.2d 272 (2016).

The trial judge on remand denied petitioner's request to be re-sentenced, concluding that she would have imposed the same sentence even in the absence of the sentencing guidelines. *People v. Davison,* No. 13-034125-FC (Genesee Cty. Cir. Ct., Feb. 9, 2017) (ECF 1, Pg.ID 15).

Petitioner filed a petition for writ of habeas corpus, seeking habeas relief on the four claims that he raised before the Michigan Court of Appeals on his appeal of right. Petitioner also filed a motion to stay the proceedings and hold the petition in abeyance pending his appeal from the trial court's denial of his request to be re-sentenced. The petition was held in abeyance pending the exhaustion of Petitioner's re-sentencing

appeal. *Davison v. Harry*, No. 2:17-CV-12125, 2017 WL 6539051 (E.D. Mich. Dec. 21, 2017).

The Michigan appellate courts denied Petitioner's appeal from the denial of his request for re-sentencing. *People v. Davison*, No. 339586 (Mich.Ct.App. Jan. 25, 2018); *lv. den.* 502 Mich. 904, 913 N.W.2d 325 (2018).

This Court subsequently permitted petitioner to reopen the proceedings and file an amended petition that was almost identical to the original petition. Petitioner seeks habeas relief on the following grounds:

> I. (Ground three in amended petition.) Was petitioner denied his due process protection to a fair trial, as guaranteed under both state and federal constitution, when the trial court arraigned petitioner without first having acquired subject-matter jurisdiction over petitioner, creating a jurisdictional defect, that voids petitioner's conviction?
>
> II. (Ground two in amended petition.) Petitioner's right to due process and a jury trial under the federal and state constitution were violated by judicial fact finding which increased the floor of his permissible sentence under *Alleyne v. United States*. Further, trial counsel rendered ineffective assistance in failing to object to the erroneous scoring.
>
> III. (Ground one in amended petition.) Petitioner's conviction should be vacated because the prosecution failed to present evidence sufficient to sustain the convictions.
>
> IV. Petitioner was denied his fundamental and constitutional right to a fair trial as guaranteed under both state and federal constitutions, when the trial court, the prosecution and

4

defense counsel allowed the jury to decide petitioner's fate by and through a defective verdict form that did not allow the jury the opportunity to return a not guilty verdict on the lesser included offenses, resulting in structural error.

ECF No. 1, PageID.2; *see also* ECF No. 11, PageID.58-61.

## II. LEGAL STANDARD

28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the

5

writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "a federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997)); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

### III. DISCUSSION

**A. Claim # 1. The jurisdictional claim.**

Petitioner first claims that the Genesee County Circuit Court never acquired jurisdiction over his criminal case either because of defects in

the arrest warrant or criminal complaint and/or because of a lack of evidence at the preliminary examination to support a bindover to the circuit court and/or because the information following the bindover was somehow defective.

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Daniel v. McQuiggin,* 678 F.Supp.2d 547, 553 (E.D. Mich. 2009). The Sixth Circuit has noted that "[a] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x. 473, 475 (6th Cir. 2001). Petitioner's claim that the trial court lacked jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F.Supp.2d 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 F. App'x. 259, 266 (6th Cir. 2001) (district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).

In any event, Petitioner's jurisdictional claim is meritless. "An illegal arrest, without more, has never been viewed as a bar to

subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980) (citing *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975)); *see also Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886). The Supreme Court has held that "the 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). Although the exclusionary rule prohibits the introduction at trial of evidence that was seized in violation of the Constitution, a criminal defendant "is not himself a suppressible 'fruit,' and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct." *United States v. Crews*, 445 U.S. at 474. Petitioner does not identify any evidence other than his own body that was seized during this allegedly unlawful arrest. Thus, the mere fact that Petitioner may have been arrested without probable cause or on an invalid warrant would not prevent him from being prosecuted and convicted of this offense.

To the extent that Petitioner's claim that the felony complaint was jurisdictionally defective is based on state law, it is not cognizable in federal habeas corpus review. *See Hogan v. Ward,* 998 F. Supp. 290, 295 (W.D.N.Y. 1998); *see also Lane v. Booker*, No. 2006 WL 288071, *1 (E.D. Mich. Feb. 6, 2006). In any event, a criminal court in Michigan does not

lose jurisdiction over a criminal case merely because the criminal complaint was somehow defective. *See People v. Payne*, No. 2000 WL 33400212, at *3 (Mich.Ct.App. Nov. 28, 2000); *People v. Mayberry*, 52 Mich. App. 450, 451; 217 N.W.2d 420 (1974) (both citing *People v. Burrill*, 391 Mich. 124, 133; 214 N.W. 2d 823 (1974)).

Petitioner's claim that there was insufficient evidence presented at the preliminary examination to bind him over for trial is non-cognizable. A prior judicial hearing is not a prerequisite to prosecution by information. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). There is no federal constitutional right to a preliminary examination. *United States v. Mulligan*, 520 F. 2d 1327, 1329 (6th Cir. 1975); *Dillard v. Bomar*, 342 F. 2d 789, 790 (6th Cir. 1965). Petitioner's claim that there was insufficient evidence presented at his preliminary examination to bind him over for trial thus raises only a matter of state law and procedure that cannot form a basis for federal habeas relief. *See Tegeler v. Renico,* 253 F. App'x. 521, 525-26 (6th Cir. 2007). In addition, a guilty verdict renders harmless any error in the charging decision. *See United States v. Mechanik,* 475 U.S. 66, 73 (1986). Any insufficiency of evidence at Petitioner's preliminary examination would be harmless error in light of Petitioner's subsequent conviction. *See Redmond v. Worthinton,* 878 F.Supp.2d 822, 844 (E.D. Mich. 2012).

Petitioner's related claim that the information was defective is likewise not a jurisdictional defect. Once jurisdiction vests in the circuit

9

court, it "is not lost even when a void or improper information is filed." *People v. Goecke*, 457 Mich. 442, 458–59, 579 N.W.2d 868, 876 (1998). Petitioner is not entitled to relief on his first claim.

**B. Claim # 2. The sentencing claim.**

Petitioner in his second claim argues that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner when scoring various guidelines variables under the Michigan Sentencing Guidelines.

Petitioner's second claim is moot because the Michigan Court of Appeals agreed that the trial judge's scoring of several of the offense variables violated the Michigan Supreme Court's holding in *People v. Lockridge, supra,* where the Michigan Supreme Court held that the Michigan Sentencing Guidelines mandatory scheme violated the Sixth Amendment right to a jury trial. The Michigan Court of Appeals remanded the case back to the trial court as per the procedure outlined in *Lockridge* for the judge to determine whether she would have imposed the same sentence without the sentencing guidelines. *People v. Davison*, 2016 WL 1276433, at * 2-4.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the

10

defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Federal Constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986).

The Michigan Court of Appeals' decision to vacate Petitioner's sentence and remand the matter to the trial judge for a determination of whether or not she would impose petitioner's same sentence in the absence of the mandatory sentencing guidelines moots Petitioner's Sixth Amendment sentencing claim. *See Hill v. Sheets,* 409 F. App'x. 821, 824-25 (6th Cir. 2010).

Petitioner in the alternative argues that trial counsel was ineffective for failing to object to the scoring of these guidelines variables. In light of the Michigan Court of Appeals' determination that the sentencing guidelines had been improperly scored and remanding to the trial court for the judge to determine whether she would have imposed the same sentence without these guidelines variables, Petitioner's ineffective assistance of counsel claim that was predicated on his

11

sentencing guidelines claim is now moot. *See e.g. U.S. v. Jones,* 489 F. 3d 243, 255 (6th Cir. 2007). Petitioner is not entitled to relief on his second claim.

**C. Claim # 3. The sufficiency of evidence claim.**

Petitioner argues that the prosecution presented insufficient evidence to establish his identity as the perpetrator.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the crucial question on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318 (1979). A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted) (emphasis in original).

A federal habeas court cannot overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was

an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F. 2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F. 3d 780, 788 (6th Cir. 2003).

Under Michigan law, "[T]he identity of a defendant as the perpetrator of the crimes charged is an element of the offense and must be proved beyond a reasonable doubt." *Byrd v. Tessmer,* 82 F. App'x. 147, 150 (6th Cir. 2003) (citing *People v. Turrell*, 25 Mich. App. 646, 181

13

N.W.2d 655, 656 (1970)). Here, the Michigan Court of Appeals rejected Petitioner's claim:

> In the instant case, the victim positively identified defendant as her assailant. Defendant attacks this identification, claiming that, because the attack occurred in a dark area, the victim lost consciousness during and immediately after the attack, and a toxicology screen returned evidence that the victim had consumed illegal drugs, a rational jury could not find that defendant's identity as the assailant was proven beyond a reasonable doubt. We disagree.
>
> The victim testified that, although the attack occurred at about 1:30 AM, the street lights were working and she recognized defendant by both his appearance and voice. Though she lost consciousness during and after the event, the victim informed responding emergency personnel that defendant was her assailant. Furthermore, the victim testified that she had been trying to break off her dating relationship with defendant and that her assailant stated, "Well if I can't have you, can't nobody have you." That the victim may have been under the influence of illegal drugs at the time of the assault may affect her credibility. However, any credibility questions were for the jury to resolve, and this Court will not resolve them anew. "It is the jury's task to weigh the evidence and decide which testimony to believe." That the jury believed the victim's testimony over defendant's contentions is within their province. Viewed in a light most favorable to the prosecution, the evidence was sufficient to establish defendant's identity as the assailant beyond a reasonable doubt.

*People v. Davison*, 2016 WL 1276433, at * 2 (internal citations omitted).

In the present case, the victim positively identified petitioner at trial as her assailant. The Court notes that "the testimony of a single,

14

uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction." *Brown v. Davis,* 752 F. 2d 1142, 1144 (6th Cir. 1985) (internal citations omitted). The victim unequivocally identified Petitioner at trial as being the person who assaulted and strangled her. This evidence was sufficient to support Petitioner's convictions. *See Brown v. Burt,* 65 F. App'x. 939, 944 (6th Cir. 2003).

Although Petitioner attacks the quality of the eyewitness identification, he is basically asking this Court to re-weigh the testimony and credibility of the evidence, which this Court cannot do. *See United States v. Campbell,* 18 F. App'x. 355, 358 (6th Cir. 2001) (quoting *United States v. Tipton*, 11 F.3d 602, 609 (6th Cir. 1993)). This portion of petitioner's insufficiency of evidence claim rests on an allegation of the victim's credibility, which is the province of the jury. *See Tyler v. Mitchell,* 416 F. 3d 500, 505 (6th Cir. 2005).

Petitioner argues that there was insufficient evidence to convict him because the police did not recover DNA evidence, fingerprints, or other forensic evidence to convict. The Sixth Circuit notes that the "lack of physical evidence does not render the evidence presented insufficient; instead it goes to weight of the evidence, not its sufficiency." *Gipson v. Sheldon*, 659 F. App'x. 871, 882 (6th Cir. 2016). Petitioner is not entitled to relief on his third claim.

## D. Claim # 4. The verdict form claim.

Petitioner claims that the verdict form was flawed because it did not provide an option of not guilty on the lesser included offense of assault with intent to do great bodily harm less than murder.

The jury verdict form gave the jurors the following options with respect to the charge of assault with intent to commit murder:

\_\_\_\_ Not Guilty

or

\_\_\_\_ Guilty of Assault with Intent to Murder

or

\_\_\_\_ Guilty of the less serious offense of Assault with Intent to do Great Bodily Harm less than Murder.

(ECF No. 14-14, PageID.980).

The jury form indicated that the jurors could find Petitioner not guilty, guilty of assault with intent to commit murder, or guilty of the lesser included offense of assault with intent to do great bodily harm less than murder. The judge instructed the jurors that they could find petitioner guilty of the original assault with intent to commit murder charge, guilty of the lesser included charge of assault with intent to do great bodily harm less than murder, or "not guilty of anything." (Tr. 9/18/14, p. 175) (ECF No. 14-12, PageID.795).

The jury was instructed that they had the option of finding Petitioner not guilty of both of the charged offense of assault with intent

16

to commit murder and of the lesser included offense of assault with intent to do great bodily harm less than murder. The assault with intent to do great bodily harm charge was a lesser included offense of assault with intent to commit murder. The jury verdict form contained a not guilty box.

The jury was provided with a "not guilty" verdict form and Petitioner was charged with two related offenses; there was no due process violation based on the submission of a single "not guilty" verdict box to the jury. *See e.g. Odum v. Boone*, 62 F.3d 327, 332 (10th Cir. 1995) ("Because the jury was provided with a 'not guilty' verdict form, and [petitioner] was charged with two related offenses, we find no due process violation based on the submission of a single 'not guilty' verdict form to the jury."); *see also Sain v. Burt*, No. 16-2576, 2017 WL 1381275, at * 1 (6th Cir. Apr. 17, 2017). And given that the jury found Petitioner guilty of the principle charge, the jury would not have, nor could it have, also found Petitioner not guilty of the lesser included offense. Petitioner is not entitled to relief on his fourth claim.

## IV. CONCLUSION

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show

that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

DATED: February 18, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge